Eliza A. Keerl *vs.* Thomas M. Keerl, Trustee, and others.

*Jurisdiction—Equity Practice.*

The Superior Court of Baltimore city has exclusive jurisdiction over the proceeds of a sale made under its decree, until the final ratification of the auditor's account distributing the same; and the fund cannot rightfully be interfered with, by another Court having only co-ordinate powers.

While the jurisdiction of the Superior Court over the fund continued, a wife who had filed a bill in the Circuit Court against her husband, for alimony, and sought to subject to the payment of the same that portion of the fund which had been audited to her husband might, on application to the former Court by petition, have obtained an order restraining the trustee, from paying over the sum to her husband, and directing him to retain the same to await the determination of the cause in the latter Court.

Although after a demurrer has been allowed the bill is out of Court, and no order can be subsequently made in the cause, the Court will in some cases, where it sees that the defect pointed out by the demurrer can be remedied by amendment, and substantial justice requires it, make a special order at the hearing of the demurrer adapted to the circumstances of the case.

Appeal from the Circuit Court of Baltimore City.

The cause was argued before Bartol, C. J., Grason, Miller and Alvey, J.

*O. F. Bump* and *William Daniel* for the appellant.

The demurrer ought not to have been set down for hearing, or heard at the time it was. 1 *Daniel's Ch. Prac.,* 714.

There is no conflict of jurisdiction in this cause, the object of the injunction being merely to restrain the payment over after final ratification; a fund being ascertained and awarded, an attachment may be issued and laid upon it before final ratification. *McPherson, et al., vs. Snowden, et al.,* 19 *Md. Rep.,* 197; *American Exchange Bank vs. Inloes, Garn. of*

*Turnbull & Co.*, 7 *Md. Rep.*, 380; *Glenn, Garn. of Kerr, vs. Boston & Sandwich Glass Co.*, 7 *Md. Rep.*, 296; *The State vs. Krebs*, 6 *H. & J.*, 37; *McLaughlin vs. Swann, et al.*, 18 *Howard*, 217. A bill may be amended before or after hearing, so as to avoid the effect of a demurrer; and where the amendment does not give a new complexion to the bill or change the frame of the injunction, the injunction will be continued upon allowing the amendment. *Alexander's Ch. Pr.*, 58; 1 *Daniel's Ch. Pr.*, 669; *Benney's Case*, 2 *Bland*, 107; *Cullison vs. Bossom*, 1 *Md. Ch. Dec.*, 95; *Eden on Injunctions*, 143, et seq.; *Drake on Attachment*, 467.

An injunction is in its nature more flexible than an attachment, and a proper remedy in cases of this sort. *Hilliard on Injunctions*, 8, sec. 13, *and* 380, sec. 1; *Eden on Injunctions*, 148; *Atkinson vs. Henshaw*, 2 *Vesey & Beames*, 85; *Ball vs. Oliver*, 2 *Vesey & Beames*, 96.

Courts must decide according to existing laws, and if it be necessary to set aside a judgment rightful when rendered, but which can only be affirmed in violation of law, the judgment must be set aside. *Day vs. Day*, 22 *Md. Rep.*, 539.

*Levin Gale*, for the appellees, contended:

That the injunction ought never to have been granted; that the demurrer was properly sustained and the bill should be dismissed, and cited the following authorities in support thereof: *Brooks vs. Delaplaine*, 1 *Md. Ch. D.*, 351; *Brown vs. Wallace*, 4 *G. & J.*, 497; *Withers, et al., vs. Denmead*, 22 *Md. Rep.*, 145; *Cockey vs. Leister*, 12 *Md. Rep.*, 129; *Randall vs. Howard*, 2 *Black S. C.*, 589; *Colby vs. Coates*, 6 *Cushing*, 558; *Nelson, Ex'r of James, vs. Howard*, 5 *Md. Rep.*, 327.

BARTOL, C. J., delivered the opinion of this Court:

It appears from this record that a cause was pending on the Equity side of the Superior Court of Baltimore city, in which Henry Keerl, Thomas M. Keerl, and others, were parties, wherein certain real estate had been decreed to be sold for the

purpose of division among the parties entitled. Thomas M. Keerl, the trustee, had made and reported the sale and the same had been finally ratified. By the account of the auditor stated in the case, it appeared that Henry Keerl would be entitled to receive about $4,000, as his share of the proceeds of sale. On the 2nd day of February, 1867, the auditor's report was ratified *nisi.*

This bill was filed by the appellant in the Circuit Court of Baltimore city, on the 23d day of February, 1867, to recover alimony, against Henry Keerl, her husband, and seeks to subject to the payment of her demand, the share of Henry in the proceeds of the sale made under the decree of the Superior Court. This money was alleged to be in the hands of Thomas M. Keerl, the trustee, or deposited by him with the First National Bank of Baltimore. Thomas and the bank were made parties, and an injunction was prayed to restrain them from paying over the same to Henry Keerl; an injunction was awarded as prayed. On the 6th day of March, the bank filed an answer, admitting that it had in possession the sum of money mentioned, deposited by Thomas M. Keerl, and consenting to hold the same to await the further order of the Court. On the 15th day of May, Henry Keerl, who had been returned "*non est,*" appeared voluntarily, and pleaded to the jurisdiction. But as the cause was not heard below on the plea, it is unnecessary to notice it further, or to refer to the several orders passed upon interlocutory proceedings in the cause not involved in the decision of this appeal. On the 15th day of May, Thomas M. Keerl filed a demurrer to the bill, which was set down for hearing, and on the 7th day of June, the Circuit Court passed an order sustaining the demurrer. From that order this appeal was taken and presents for our consideration only the action of the Circuit Court upon the demurrer.

The causes assigned in the demurrer itself and insisted upon in the argument before this Court, arise exclusively out of the condition of the fund sought to be affected by the

injunction, the jurisdiction of the Superior Court over it, and the relation which Thomas M. Keerl, the trustee, bore to the fund in question, and to the Superior Court, whose officer he was. It has been argued by the appellee that the fund being within the jurisdiction of the Superior Court, and exclusively under its control, the Circuit Court had no authority to grant the relief by injunction as prayed in the bill. That an injunction restraining the trustee, was in effect an attempt to restrain the Superior Court in the exercise of its lawful jurisdiction, and a direct interference with its rightful authority. It is clear, both upon principle and authority, that until the final ratification of the auditor's account, the exclusive jurisdiction over the fund was in the Superior Court, and could not rightfully be interfered with by another Court having only co-ordinate powers. See Peck vs. Jenness, 7 Howard, 624; Withers vs. Denmead, 22 Md. Rep., 145, and authorities there cited.

While the jurisdiction of the Superior Court over the fund continued, the appellant might, on application to that Court by petition, have obtained an order restraining the trustee from paying over the fund to Henry Keerl, and directing him to retain the same to await the determination of the cause in the Circuit Court. In the aspect of the case presented by the bill, such would have been, her appropriate remedy. It appears, however, that on the sixth day of June, the day before the order appealed from was passed, the appellant filed her petition in this cause, praying leave to amend her original bill, and to allege that on the 27th day of March, 1867, the account of the auditor, ascertaining the share of Henry Keerl in the fund, had been finally ratified and confirmed, and exhibited therewith certified copies of the proceedings in the Superior Court in support of the allegation. The Circuit Court granted permission to amend the bill as prayed; but proceeded to pass its order sustaining the demurrer, the effect of which action was to put the original bill out of Court, so far as the defendant Thomas was concerned, and to dissolve the injunction, which fell with the bill. In

our opinion this was error. As the case, presented by the proposed amendment to the bill, was one in which the injunction might properly be awarded, the Circuit Court ought by special order to have allowed the amendment, and continued the injunction. *In* 1 *Daniel's Ch. Pr.,* 624, it is said : " But although after a demurrer has been allowed the bill is out of Court, and no order can be subsequently made in the cause, the Court will in some cases, where it sees that the defect pointed out by the demurrer can be remedied by amendment, and substantial justice requires it, make a special order at the hearing of the demurrer adapted to the circumstances of the case." *See also Binney's Case,* 2 *Bland,* 107.

That the bill may be amended as prayed, and that such order may be passed by the Circuit Court as has been indicated in this opinion, and further proceedings had ; the cause will be remanded under the 28*th* section of the 5*th* Article of the Code, without affirming or reversing the order appealed from.

*Cause remanded.*

(Decided 7th February, 1868.)