## LOFT, INCORPORATED, *vs.* WILLIAM HEPBURN BUCKLER ET AL.

*Courts—Conflict of Jurisdiction.*

One equity court has no power to interfere with and annul a lease of trust property. under the authority of another equity court and ratified by it.

*Decided June 30th, 1925.*

Appeal from the Circuit Court of Baltimore City (SOLTER, J.).

Bill by Loft, Incorporated, against William Hepburn Buckler and others. From an order sustaining a demurrer to the bill, the plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*John A. Farley* and *Herbert Levy,* with whom were *Joseph Sherbow* and *Coady & Farley* on the brief, for the appellant.

*J. Bannister Hall, Jr.,* with whom were *D. List Warner* and *Piper, Carey & Hall* on the brief, for McCrory Stores Corporation, appellee.

*Gaylord Lee Clark,* with whom were *Semmes, Bowen & Semmes* on the brief, for the other appellees.

BOND, C. J., delivered the opinion of the Court.

The facts of this case are reviewed in the opinion in the preceding case of *Loft, Incorporated, v. Buckler and others.* And as stated there, this second appeal is from an order sustaining a demurrer to the appellant's bill of complaint in an . independent proceeding in which it sought, originally, the specific performance of an agreement which it considered it had made with Mr. John Semmes, Sr., for the lease of the trust property, and, finally, by amendment, for the annulment of the lease made by the trustees to the McCrory Stores Corporation, and the auction of the privilege of leasing.

For reasons stated in the preceding case, we have found that the lease was properly made and properly ratified, and that there is no sufficient ground for setting aside the decree of ratification, even by the court which passed that decree. The relief sought for in this independent proceeding, in another court, could not be granted in any event, for the additional reason that the second court has no power to interfere, and annul a transaction under the authority of the first court and ratified by it. *Withers v. Denmead,* 22 Md. 135, 144; *Preston v. Poe,* 116 Md. 1.

*Order affirmed, costs to be paid by the appellant.*