## DICKEY v BROKAW

Ohio Appeals, 7th Dist, Columbiana Co

Decided May 15, 1936

George L. Lafferty, Prosecuting Attorney, Salem, Frank Springer, E. Palestine, John E. Banknecht, E. Palestine, and Walter B. Hill, E. Liverpool, for plaintiff.

Louis M. Tobin, E. Liverpool, and Robert M. Brookes, E. Liverpool, for defendant.

## OPINION

By NICHOLS, J.

An indictment for murder in the first degree having been returned by the grand jury of Columbiana County, Ohio, charging Dudley Adams with the killing of Clarence Dickey, while attempting to commit robbery, and an issue of fact having been joined upon the indictment, counsel for Dudley Adams caused to be served upon the Prosecuting Attorney of Columbiana County, a notice that the deposition of Frank Dickey would be taken before George L. Brokaw, a notary public in and for Columbiana County, at the office of the notary in East Liverpool, Ohio, in the matter of the State of Ohio v Dudley Adams, in whose interest the deposition was required. Frank Dickey, whose deposition was sought to be taken before the notary public, was duly and properly served with subpoena to appear before the notary, and having failed to appear at the time and place mentioned in the subpoena, the notary public issued his warrant to attach the body of Frank Dickey and have him before the notary forthwith, and pursuant to the direction of the warrant Frank Dickey was brought before the notary on the 13th day of April, 1936, whereupon Frank Dickey, being represented by counsel, refused to give testimony in the matter of the State of Ohio v

Dudley Adams, and was thereupon by the notary declared to be in contempt and was cited to appear before the notary on the 13th day of April, 1936, and show cause why he should not be punished for contempt. Thereupon motion was filed by counsel for Frank Dickey to dismiss the contempt proceeding and any further proceedings to take the deposition for the reason that the notary was and is without jurisdiction in the matter of taking depositions in criminal cases where an issue of fact is joined on indictment without having been commissioned by the Common Pleas Court to take the deposition. The notary requested counsel for the respective parties to submit to him briefs of authorities bearing upon the questions raised in the motion and continued the matter until the 20th day of April, 1936, at 2 o'clock P. M. On the morning of April 20, 1936, a petition was filed in this court by Frank Dickey, plaintiff, against George L. Brokaw, a notary public, defendant, invoking the original jurisdiction of this Court of Appeals for a writ of prohibition to prevent the notary public from taking the deposition of Frank Dickey and to prevent the notary public from punishing Frank Dickey for contempt in refusing to testify upon deposition in the matter of the State of Ohio v Dudley Adams, in whose behalf his deposition was required.

The proceedings for the taking of the deposition of Frank Dickey were under the provisions of the civil code, to-wit, §11534, GC, and related sections, no attempt having been made to proceed under the special provisions of the code of criminal procedure, to-wit, §13444-11, GC, and related sections.

This court is invested with original jurisdiction in prohibition by **Article IV, §6 of the Constitution.**

It is the claim of plaintiff that the notary public is assuming judicial or quasi-judicial power in the matter of taking the deposition, and that the provisions of §13444-11 et seq., GC, are exclusive, and that the notary is without jurisdiction, is proceeding contrary to law, and in violation of **Article I, §10 of the Constitution,** wherein it is provided that:

"Provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine

the witness face to face as fully and in the same manner as if in court."

Pursuant to this constitutional provision the Legislature adopted §§13444-11 to 13444-15, GC, inclusive.

Sec 13444-11, GC is as follows:

"When an issue of fact is joined upon an indictment and a material witness for the state or the defendant resides out of the state, or residing within the state is sick or infirm, or about to leave the state, or is confined in prison, the prosecuting attorney or the defendant may apply in writing to the court for a commission to take the depositions of such witness. The court or judge may grant such commission and make an order stating in what manner and for what length of time notice shall be given to the prosecuting attorney or to the defendant, before such witness shall be examined. Such commission shall not be granted and such order shall not be made until there is filed with the clerk of said court, an affidavit stating in substance the evidence sought to be secured by deposition, and that it is competent, relevant and material, and it shall appear to the court that such evidence is relevant, competent and material."

It is the claim of counsel for the plaintiff that the only authority for taking a deposition in a criminal case arises under the provisions of §13444-11, GC, which was adopted under the constitutional grant of authority hereinabove quoted, and no attempt having been made to take the deposition in accordance with the provisions of §13444-11, GC, this court must issue the writ of prohibition prayed for in the petition.

It is the claim of defendant: First, that this court has no power to issue the writ of prohibition for the reason that the writ issues only from a superior court to an inferior court in cases of great necessity where the remedies at law or equity are inadequate; that the purpose of the writ is to keep inferior courts within the limit of their jurisdiction and that a notary public, even when punishing for contempt, is not a court, nor is he exercising a judicial function; and second, that the provisions of this criminal code §13444-11, GC, are inapplicable in that the witness whose testimony is sought to be taken by deposition does not reside out of the state, is not sick or infirm, is not about to leave the state, and is not confined in prison, and hence, the trial court or judge has no power un-

der the provisions of this section to grant a commission to take the deposition of the witness; that the provisions of the civil code are made available to the plaintiff under the provisions of §13444-1 et seq, GC, Chapter 23, Code of Criminal Procedure.

Sec 13444-1, GC, reads as follows:

"The rules of evidence in civil causes insofar as the same are applicable, shall govern in all criminal causes except as otherwise provided in this code."

Sec 13444-6, GC, reads as follows:

"Except as otherwise provided, the code of civil procedure relative to compelling the attendance and testimony of witnesses, their examination, the administering of oaths and affirmations and proceedings for contempt to enforce the remedies and protect the rights of parties, shall extend to criminal cases as far as applicable."

It being conceded that the deposition is sought to be taken in a criminal case after issue joined upon indictment, and that the provisions of §13444-11, GC, relating to the taking of depositions in criminal cases have not been complied with, we think it proper first to determine whether under the laws of Ohio there is any authority for the taking of a deposition in a criminal case otherwise than in accordance with the provisions of §13444-11, GC. As stated above, it is the claim of the defendant that this section of the General Code relates solely to the taking of the deposition in the instance where the witness "resides out of the state, or residing within the state is sick or infirm, or about to leave the state, or is confined in prison" and that this section has no application to instances where the witness whose deposition is sought to be taken resides in the state, is neither sick nor infirm, is not about to leave the state and is not confined in prison; and it is the claim of defendant that the purpose of taking depositions is threefold: First, to obtain the testimony of witnesses beyond the jurisdiction of the court; second, to perpetuate testimony; and, third, to operate as a bill of discovery. This was the statement of the Supreme Court in the opinion in a recent civil case entitled **Ex parte Bevan, 126 Oh St, 126, 184 NE, 393.** The statement of the court was not carried into the syllabus, but in the opinion the court states:

"The Legislature evidently sought to provide a means whereby a litigant's rights would be preserved in a case the exigencies of which would prevent him from produc-

ing his testimony in court in the regular way; to compel the production of testimony that might be forever lost; and to afford an opportunity to the litigant to secure evidence of facts necessary to make out his case, which evidence was peculiarly within the knowledge, or, if documentary, in the possession and control of his adversary.

"Under these enactments the litigant is entitled to these rights as a matter of law."

This language of the Supreme Court indicates that the litigant in a civil case is entitled to these rights as a matter of law by reason of the enactments of the Legislature designated as the civil code, being the enactments in question in Ex parte Bevan, supra.

More recently the Supreme Court has held, as set forth in the first paragraph of the syllabus in the case of **State v Huffman, 131 Oh St, 27, 1 NE (2d), 313**, as follows: "We have no common-law crimes in Ohio; neither do we have common-law criminal procedure."

It follows that the right to take a deposition in a criminal case must be given by legislative enactment or no such right exists. The question, then, is: Do the provisions of §13444-6, GC, hereinabove quoted, extend the provisions of the civil code to criminal cases thereby authorizing the **taking** of depositions according to the civil code when the witness does not reside out of the state, but residing within the state is not sick or infirm, or not about to leave the state, or is not confined in prison?

Sec 13444-1, GC, has no application because the "rules of evidence" are not involved. It will be noted that §13444-6, GC, extends certain provisions of the civil code to criminal cases "except as otherwise provided" and "as far as applicable."

Provision for the taking of testimony in a criminal case by way of deposition, under proper limitations and with proper protection thrown thereabout, is otherwise provided for in §13444-11, GC. We call attention here to the fact that the 1912 amendment to **Article I, §10, of the Constitution**, was necessary only as a grant of authority to the Legislature to take depositions **upon behalf of the state** in a criminal case in order to meet the pre-existing constitutional guaranty to the accused to meet his accusers face to face. As early as 1870 the Legislature adopted §7293, Revised Statutes (66 Ohio Laws, 308), authorizing the taking of the deposition of a material witness **for the defendant** in a criminal case. It was the same legislative enact-

ment (66 Ohio Laws, 308) which adopted §7289, Revised Statutes, which later became §13664, GC, and still later became our present §13444-6, GC, the language of original §7289, Revised Statutes, being almost identical with the language of our present §13444-6, GC. It will be further noted that §13444-6, GC, does not state that the provisions of the civil code **in the matter of taking depositions** are to be applicable in any event to criminal cases, this section referring solely to the procedure relative to compelling the attendance and testimony of witnesses, their examination, the administering of oaths and affirmations, and proceedings for contempt to enforce the remedies and protect the rights of parties. It seems reasonable that if the Legislature, in adopting the General Code, had intended to extend to criminal cases the provisions of the civil code in the matter of taking depositions, the Legislature would have so provided by express language. However, this may be, we find no provision of the civil code **authorizing the use of** depositions otherwise than when it is made to appear to the satisfaction of the court that the witness does not reside in or is absent from, the county where the action or proceeding is pending, or, by change of venue, is sent for trial, or where it is made to appear to the satisfaction of the court that the witness is dead, or from age, infirmity, or imprisonment, is unable to attend court. (§11525, GC).

True, §11521, GC, provides how testimony may be taken in civil cases, and states that the testimony of witnesses may be taken by affidavit, by deposition, by oral examination. This section was originally §5261, Revised Statutes (51 Ohio Laws, 57), adopted long before any provision was made for taking depositions in a criminal case.

Considering the care with which the Legislature has surrounded the matter of taking depositions in a criminal case, as set forth in the language of §13444-11, GC, we can not conceive that the Legislature intended to permit depositions to be taken in a criminal case under the provisions of the civil code, or in any other manner than provided in §13444-11, GC. It is more reasonable to believe that the language of §13444-11, GC, was intended as a limitation upon the right to take depositions at all in a criminal case, except as therein provided, and we hold that the defendant in this action was without any authority to take the deposition of plaintiff at the time and in the manner attempted, and that in so acting the defendant was attempting

to usurp the functions of the commissioner authorized by §13444-11, GC, to be appointed by the Common Pleas Court without having been appointed so to act.

We cite **14 Ohio Jurisprudence, 9, §3,** from which we quote:

"A proceeding to take a deposition, under the provisions of §11521 GC, for use as evidence in a pending civil action, is initiated simply by notice to the adverse party or his counsel, and the issuance of a subpoena for the witness, no application to the court being necessary, except where the deposition is to be taken under the authority of a special commission. Prior application to the court is necessary, however, in criminal cases, and in proceedings for the perpetuation of testimony. Statutes authorizing the taking of depositions are, as a general rule, to be strictly construed."

. . .

We pass to the further question whether the notary public, in attempting to take the deposition and in the further attempt to punish the witness for contempt, is acting in such judicial or quasi-judicial capacity as to bring this case within the jurisdiction of the Court of Appeals to issue the writ of prohibition prayed for in the petition.

Since we are holding that no one other than a commissioner appointed by the court may take a deposition in a criminal case, it follows that the defendant in attempting to take the deposition of Frank Dickey is usurping the functions of a commissioner of the court. When appointed in accordance with the provisions of §13444-11, GC, the commissioner therein provided for is an arm of the court. We think the situation is like unto that in a chancery proceeding wherein the court appoints a commissioner to take testimony of witnesses and report his findings of fact. If a witness, called by the commissioner who has been appointed by the chancery court to take testimony and report findings of fact, would refuse to appear and testify before the commissioner, we have no doubt that the appointing court would have power to punish such witness for contempt.

An examination of the provisions of the General Code relating to the taking of depositions in a criminal case discloses that no provision is made therein for the punishment by the commissioner of a witness who refuses to testify or is otherwise recalcitrant. But we have no doubt that the court appointing such commissioner has power to punish such recalcitrant witness as for a contempt of the appointing court.

It necessarily follows that the defendant in this case, in usurping the functions of a commissioner of the court, is attempting to exercise judicial power and is usurping the functions of the Common Pleas Court of Columbiana County in its jurisdiction to punish for contempt. We are not unmindful of the holding of the Supreme Court in Ex parte Bevan, supra, to the effect that "judicial power is not exercised by a notary public, during the taking of depositions, in committing to jail witnesses who refuse to answer questions, and in attaching and committing to jail witnesses who disobey the order of their subpoena." But in Ex parte Bevan, supra, the notary public was acting under §§11510, 11511 and 11512, GC, wherein the notary was duly authorized to take the deposition in question, and it was held by the Supreme Court that the General Assembly in enacting these sections of the General Code had not delegated judicial powers to notaries public. Doubtless the writ of prohibition will not issue to prevent a notary public from taking a deposition in a civil action or proceeding, or to prevent a notary public from punishing for contempt a witness who refuses to give his deposition in a civil action or proceeding. But we do not have that situation before us in this case, and we are of opinion that the writ of prohibition may issue against a court, officer or **person** who is about to exercise judicial or quasi-judicial power when the exercise of such power is unauthorized by law and will result in injury for which no other adequate remedy exists. **State ex Nolan v Clendening, 93 Oh St, 264, 271, 112 NE, 1029.**

The defendant in this case, although designated a notary public, is nevertheless a **person** attempting to exercise the judicial power vested in the Common Pleas Court, through its commissioner, to take the deposition of Frank Dickey in a criminal case, and such defendant is a **person** attempting to exercise judicial power to punish a witness who refuses to give his deposition in a criminal case.

From 22 Ruling Case Law, 17, §16, we quote.

"As already suggested, if the action sought to be prohibited is judicial in its nature, it may be prevented by the writ of prohibition, though the tribunal or person to whom the writ is addressed is not in name a court or judge. Thus a court or board of arbitration acts judicially and may be restrained by prohibition, whether it is a

court of record or not. So, also county commissioners, boards of supervisors city councils, police, excise and highway commissioners, and boards exercising functions similar in character sometimes undertake, either with or without authority, to perform acts in the doing of which they clearly exercise, or attempt to exercise, jurisdiction of a judicial nature, and while so doing are subject to prohibition."

We, therefore, have no doubt that the writ should issue in this case unless the plaintiff has some other adequate remedy either at law or in equity. In brief of counsel for the defendant it is argued that if plaintiff be imprisoned by the defendant for contempt, plaintiff may apply to a judge of the Supreme Court, Court of Appeals, Common Pleas or Probate Court, who may discharge him if it appears that his imprisonment is illegal. Where the notary public is taking a deposition in a civil case it is provided by §11514, GC, that a person so imprisoned may be so discharged, but there is no such provision for the discharge of a person imprisoned by the Common Pleas Court for failure to give his deposition in a criminal case before a commissioner appointed by such Common Pleas Court.

It is further contended by counsel for defendant that the plaintiff, being imprisoned by the notary, may apply for a writ of habeas corpus. Surely it can not be said that one has an adequate remedy at law who must first submit to imprisonment and then apply for a writ of habeas corpus, it being clear that the writ of habeas corpus issues only when one is unlawfully detained or deprived of his liberty. Can it be said that such remedy would be adequate to remove the stigma of arrest and imprisonment by a person without authority to commit to imprisonment? We think not.

The instant case may be distinguished from the facts in Ex parte Bevan, supra, wherein the notary public in taking the deposition in a civil case, is expressly authorized by statute to punish for contempt. May it be said that the plaintiff has an adequate remedy in equity by proceeding for injunction to restrain the defendant from taking the deposition and punishing the witness for contempt? The answer to this question is contained in the statement that injunction lies where there is no other adequate remedy at law. In 22 Ruling Case Law, 3, §2, prohibition is distinguished from the equitable remedy by injunction:

"Prohibition has been likened to the equitable remedy by injunction against proceedings at law. The object in each case is the restraining of legal proceedings; and as the right to the remedy by injunction implies a wrong threatened by the parties litigant against whom the relief is sought, so the right to the writ of prohibition implies that a wrong is about to be committed, not by the parties litigant, but by the person or court assuming the exercise of judicial power and against whom the writ is asked. There is this vital difference, however, between them: An injunction against proceedings at law is directed only to the parties litigant, without in any manner interfering with the court, while prohibition is directed to the court itself, commanding it to cease from the exercise of a jurisdiction to which it has no legal claim."

In the instant case it is apparent that neither plaintiff nor defendant is a party litigant in the proceeding to take the deposition in question, but that the defendant has assumed to act in a judicial capacity which he has no legal right to claim.

It is our conclusion that the writ should be, and is, allowed.

Writ allowed.

CARTER and ROBERTS, JJ, concur.