## WARREN B. DUCKETT, JR. v. T. JOSEPH TOUHEY ET AL.

[No. 1015, September Term, 1976.]

*Decided May 19, 1977.*

The cause was argued before THOMPSON, MENCHINE and LOWE, JJ.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *Frank R. Weathersbee, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellant.

*T. Joseph Touhey, District Public Defender,* with whom was *Ronald C. Cole, Assigned Public Defender,* on the brief, for appellees.

*Amicus curiae* brief filed by the National Center for Law and the Deaf, *Seymour Dubow, Marc P. Charmatz* and *Robert Roseman* on the brief.

THOMPSON, J., delivered the opinion of the Court.

On August 25, 1976, a decree was filed in the Circuit Court for Anne Arundel County, in Equity, enjoining the State's Attorney of that county from summonsing Mrs. Clara Gibson to appear before the Grand Jury, in relation to any statements given by David Allen Barker to her in the presence of Barker's mother and brother on or about November 6, 1975. Appellant, Warren B. Duckett, State's Attorney for Anne Arundel County, contends in this appeal that the decree should be reversed because the evidence was insufficient to support it.

On November 5, 1975, David Allen Barker was arrested in connection with a homicide investigation and taken to the Millersville Police Headquarters in Anne Arundel County. Because Barker is a deaf mute, the police called Mrs. Clara Gibson, a sign language interpreter, to come to the police station. The police also called Elliott S. Newcomb, an attorney, to provide Barker with legal assistance. Before Mrs. Gibson had an opportunity to meet or communicate with Barker, she agreed with Newcomb that anything she learned by reason of that employment would be confidential. While Barker was in custody, attorney Newcomb proceeded to confer with him with the assistance of Mrs. Gibson. On November 6, 1975, the suspect's mother, Mrs. Evelyn Barker, and brother, Barry Barker, were present at the Millersville Police Station with Newcomb and Mrs. Gibson during a conference. On May 17, 1976, the State's Attorney caused to be issued a subpoena for the appearance of Mrs. Gibson before the Grand Jury of Anne Arundel County. Upon learning that Mrs. Gibson had been subpoenaed, the appellee, T. Joseph Touhey, who is the public defender for Anne Arundel County, and a subsequent counsel for Barker, together with Newcomb, brought this suit for an injunction and order to quash the subpoena.

We are required to reverse the decree because the equity court lacked jurisdiction to issue it. *Wilson v. State,* 21 Md. App. 557, 321 A. 2d 549 (1974). Thus, we do not reach the questions whether the communication in the presence of one's counsel, brother, and mother was confidential or whether Barker's attorneys, as opposed to Barker himself, are proper parties to seek relief.

Maryland continues to adhere to the distinction between law and equity courts, the Court of Appeals having recognized such distinction as recently as *Davidson v. Miller,* 276 Md. 54, 344 A. 2d 422, n. 5 (1975). *See also Olson v. Love,* 234 Md. 503, 200 A. 2d 66 (1964) and *Dormay Corp. v. Doric Co.,* 221 Md. 145, 152, 156 A. 2d 632 (1959). In *Fooks' Executors v. Ghingher,* 172 Md. 612, 192 A. 782 (1937), Judge T. Scott Offutt gave a thorough discussion of equitable jurisdiction and said in part:

> "Jurisdiction of the subject-matter means not simply the particular case to which the attention of the court is directed, but the class of cases to which it belongs, and over which the authority of the court extends. *Freeman on Judgments,* sec. 337. So if a court of equity tried an indictment for some criminal offense, and entered a judgment and sentence against the defendant, its judgment would necessarily be void, and so perhaps it would be if it assumed jurisdiction of a purely tort action, for, as stated in *Freeman on Judgments,* sec. 337, p. 676: 'Courts of equity exercise a well defined jurisdiction over certain classes of matters; a jurisdiction largely inherent in the court although sometimes enlarged or curtailed by statutes. Any attempt by such a court to hear and determine a case not within either its inherent or statutory powers would result in a void decree rendered without jurisdiction of the subject matter, as where it undertakes to adjudicate the issues in a contested election case, a matter entirely outside its powers.'
>    \* \* \*

" 'If this power does not exist with reference to any particular case, its determination by the court is an absolute nullity; if it does exist, the determination, however erroneous in fact or in law, is binding upon the parties until reversed or set aside in some proceeding authorized by the practice, and brought for that express purpose. It is plain that the term used in this strict sense may be applied to courts of equity as well as to any other tribunals. With this signification of the word, it would be said that an equity court has no jurisdiction to try the issues arising upon an indictment, and to render judgment in a criminal prosecution; the entire proceeding would be null and void. On the other hand, it is equally plain that this strict meaning is not always given to the term "equity jurisdiction," as it is ordinarily used. . . .' " *Id.* at 620-621.

In *Kardy v. Shook*, 237 Md. 524, 207 A. 2d 83 (1965), the State's Attorney filed a bill for an injunction to prohibit a Circuit Court judge from enforcing an order allowing an accused to depose the prosecuting witness. The trial judge denied the injunction and the Court of Appeals affirmed. Although that case is easily distinguishable from the case at bar, some of the language is helpful in deciding the case before us:

"It has long been recognized that courts of equity, in the exercise of their power to grant injunctive relief, have no superiority over the courts of law. When the jurisdiction of an equity court which pertains to the restraint of judicial proceedings is invoked, the injunction is directed not to the presiding judge of the court, but to the parties litigant, and in no manner denies the jurisdiction of the legal tribunal. An injunction of this nature controls the course of conduct of the person, or persons, to whom it is addressed, and is utilized to prevent him, or them, from using the process of

courts of law where it would be contrary to good conscience to allow the party, or parties, to proceed. *This class of injunctive relief is based upon the ground that some unfair advantage is being obtained, or has been obtained, in the law court, which, under the circumstances, equity, alone, can prevent from becoming effective.* [Citations omitted.]

"It would, indeed, be an incongruous and dangerous situation if one Circuit Court judge of this State could paralyze the entire administration of justice in the law courts thereof, both civil and criminal, by way of injunction. And this is not permitted." (Emphasis added.) *Id.* at 532-533.

We see no reason why the criminal court which convenes a grand jury cannot grant the appellees any relief to which they are entitled. Grand juries operate under the control of the court which convenes them. *In Re Report of Grand Jury*, 152 Md. 616, 137 A. 370 (1927); *Byers v. State*, 63 Md. 207 (1885). Although it may well be that in many instances the same judge is sitting in the equity court as in the criminal court, as long as Maryland maintains the distinction between the courts, it is sound policy to preclude one court from interfering with the other without some real reason. It is apparent in the case at bar that the criminal court could prevent any infringement of the appellees' alleged rights. This seems to be the test. For a further discussion of the distinction between law and equity see *Loyola Federal Savings & Loan Association v. Galanes*, 33 Md. App. 559, 365 A. 2d 580 (1976).

> *Decree reversed.*
> *Appellees to pay the costs.*