STATE ex rel. STAUFFER *v.* WRIGHT, Warden

[H. C. No. 19, October Term, 1948.]

*Decided February 17, 1949.*

Before Marbury, C. J., Delaplaine, Collins, Grason, Henderson, and Markell, JJ.

716

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus. Petitioner is imprisoned under sentence of the Criminal Court of Baltimore, he says, for eighteen months for desertion. A memorandum of the commitment shows twenty-four months for "assault on wife and desertion." He has served less than fourteen months. He says, he was not indicted; he pleaded guilty of "non-support", not "desertion"; he was entitled to be released on probation; six months before this sentence he was unlawfully, without court order, put on probation for three years for a similar offense by an Assistant State's Attorney. Indictment was not necessary; nor was the court required to release him upon probation. Art. 27, secs. 89-91. Alleged illegal action in connection with a previous charge would not affect the legality of the present imprisonment. The record in this court contains no copy of the information, docket entries or proceedings in the Criminal Court of Baltimore, but Judge Bailey in his opinion says: "A careful examination of the proceedings reveals that the proceedings were conducted under the provisions of Chapter 448, Acts of 1931, now codified as Article 27, Sections 90-94, inclusive, applicable to Baltimore City, and that all the requirements of said Act were complied with." In the absence of anything to the contrary in the record, we must assume that petitioner was duly charged, pleaded guilty, and was duly sentenced, whether for "desertion" or "non-support" or both.

*Application denied, without costs.*