## STATE EX REL. BUTLER *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 41, October Term, 1949.]

714

*Decided April 12, 1950.*

Before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a refusal of a writ of *habeas corpus.* The petitioner alleges that he was tried and convicted on February 1, 1949 in the Circuit Court for Cecil County on a charge of attempted rape, and sentenced to twenty years. He alleges that he was never presented or indicted by the Grand Jury, but was tried upon information filed by the State's Attorney, in violation of a constitutional right. His application was denied by Judge France on the ground that the identical allegations had been previously considered by other judges.

There is no provision of the Maryland Constitution requiring an indictment in any case. Article 21 of the Declaration of Rights merely requires that an accused "hath a right to be informed of the accusation against him; to have a copy of the Indictment, or Charge in due time (if required) to prepare for his defense." The Fifth Amendment to the Federal Constitution applies only to trials in the Federal courts. *Eilenbecker v.*

*District Court,* 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801; *Betts v. Brady,* 316 U. S. 455, 461, 62 S. Ct. 455, 86 L. Ed. 1595. Section 637, Article 27 of the Code (1947 Supplement), as amended by Chapter 788, Acts of 1945, provides that an accused may by petition and suggestion, signed by him or his counsel, waive his right to an indictment by the grand jury in any case of misdemeanor or felony, and ask for an immediate trial upon a criminal information filed by the State's Attorney setting forth the charge or charges against him.

If we assume the truth of the petitioner's allegations (although there are no docket entries or other documents before us to support them) we must also assume that the petitioner was tried in accordance with the provisions of this section. He does not allege that neither he nor his counsel signed such a petition, nor does he suggest that he did not plead to the information and stand trial upon it. The mere fact that he was tried upon an information (if he was) does not permit any inference of illegality. Hence the petition on its face does not state a case for relief. *Fisher v. Swenson,* 192 Md. 717, 64 A. 2d 124; *State ex rel. Stauffer v. Wright,* 192 Md. 715, 64 A. 2d 125; *Owens v. Warden of Maryland House of Correction,* 190 Md. 737, 60 A. 2d 184.

In so holding we do not intimate that in any event relief could be had by *habeas corpus,* rather than direct appeal. *Cf. Loughran v. Warden of Maryland House of Correction,* 192 Md. 719, 64 A. 2d 712, and *State ex rel. Shatzer v. Warden of Maryland House of Correction,* 192 Md. 728, 64 A. 2d 711.

*Application denied, without costs.*