CULLEY *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[H. C. No. 116, September Term, 1957.]

*Decided June 19, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

The petitioner asserts as grounds for the issuance of a writ of *habeas corpus* that before trial he was confined in jail without charges, was not given a preliminary hearing and was not allowed bail, that he was improperly tried on an information and not on an indictment, and that he was not properly represented by counsel.

Irregularities before trial such as those alleged have repeatedly been held not to constitute grounds for the issuance of the writ.

Trial upon information is authorized under Code (1957), Art. 27, Sec. 592 (Sec. 679 of the 1951 Ed.) upon petition and suggestion signed by the accused or his counsel. We find no showing of a departure from the terms of the statute or basis for the issuance of a writ on this contention. *Fisher*

*v. Swenson,* 192 Md. 717, 64 A. 2d 124; *State ex rel. Ambrose v. Warden,* 192 Md. 725, 64 A. 2d 557; *State ex rel. Butler v. Warden,* 195 Md. 713, 72 A. 2d 741.

The complaints against counsel are based upon the claim that because of the irregularities which the petitioner asserts, counsel was incompetent and must have acted in collusion with State officials to deprive him of his rights. We find no warrant for the latter conclusion. The petitioner, according to his own statement, had given the police a voluntary statement that he had shot and killed a man, and he pleaded guilty to manslaughter. Alleged incompetence of counsel has been held repeatedly not to be a ground for issuance of the writ. We may add that we find here no basis for the charge.

*Application denied, with costs.*