## DONALD EDWARD MOANEY v. STATE OF MARYLAND

[No. 182, September Term, 1975.]

*Decided October 31, 1975.*

---

The cause was argued before ORTH, C. J., and MENCHINE and MOORE, JJ.

*Gerald A. Kroop, Assigned Public Defender,* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Floyd Pond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

We are called upon in this appeal to determine whether a person shall be held to answer in a court of this State for a felonious crime unless on an indictment of a grand jury.

## STATEMENT OF THE CASE

On 18 March 1975, at a bench trial in the Criminal Court of Baltimore, DONALD EDWARD MOANEY was convicted of committing the crime of grand larceny on 13 January 1975 and sentenced to one year.[1] The trial came about in this manner. The offense was charged in a statement of charges made out by the arresting officer and filed in the District Court of Maryland. When the case came on in usual course in the District Court, Moaney demanded a jury trial, depriving the District Court of jurisdiction and placing the cause within the jurisdiction of the Criminal Court of Baltimore.[2] Courts Art. § 4-302 (d). The matter was not presented to the grand jury for action, nor did the State's Attorney file an information. The case came to trial on the statement of charges. Moaney pleaded not guilty and elected trial by the court. The court observed that "there is no allegation of an amount in the statement of charges." In that part of the statement of charges narrating the information or observations upon which Moaney was arrested, the value of the goods stolen was stated to be $375. That part of the charging document setting out the formal charge, however, omitted the value of the goods. It was stipulated that the value was $375 and the charging document was amended accordingly with the approval of Moaney. Whereupon defense counsel observed: "Your Honor, I think perhaps at

---

1. At the same trial Moaney was tried and convicted of a misdemeanor, shoplifting, the value of the goods stolen being less than $100. A six month consecutive sentence was imposed. The appeal noted included both judgments, but as briefed and argued before us only the judgment of conviction and sentence with respect to the grand larceny was challenged. We shall, therefore, affirm the judgment as to the shoplifting offense without further ado. We note, however, that although the transcript of the proceedings at the penalty stage of the trial shows that the sentence imposed on the shoplifting conviction was 6 months, the docket entry in Warrant Docket 1975, January Term, Number 47500673, reads that the sentence was 6 years. A copy of the commitment is not included in the record before us, so we do not know how it reads.

We observe that § 551A of art. 27, which as to Baltimore City, grants jurisdiction in "the Municipal Court of Baltimore City where the value of the thing stolen does not exceed $500. The Section has not been amended to reflect the creation of the District Court of Maryland. Compare Code, art. 27, § 340, as amended by Acts 1974, ch. 553.

2. It was docketed in the Criminal Court of Baltimore on the Warrant Docket 1975, January Term, Number 47500745.

this time we also would have to waive an indictment on this." The transcript reads:

"THE COURT: The statement of charges under the rule can be handled here.

MR. KROOP [Defense Counsel]: I understand that. I have no objection to that but it is over $100.00 which raises it into a felony class.

THE COURT: Preserve that point, I may agree.

MR. KROOP: Very well. Then the defense is not waiving its right to challenge the fact that the State has no right under a statement of charges to bring a felony against my client. You overrule the objection.

THE COURT: I overrule the objection for the record."

The point was not further discussed. Trial proceeded on a statement of facts presented by the State and accepted by Moaney.[3] A motion for judgment of acquittal was made and denied. The defense rested. The court rendered a verdict of guilty and imposed sentence. See note 1, *supra*. Moaney promptly appealed.

On appeal Moaney concedes that there was legally sufficient evidence to sustain his conviction, and indeed, the *corpus delicti* of the offense and Moaney's criminal agency were clearly established by the undisputed statement of facts. As his sole contention, Moaney renews his attack on the statement of charges. He puts it this way:

"That although Article 27, Section 340 undertakes to confer jurisdiction of larcenies under $500.00 in the District Courts of Baltimore City, larceny of the value of $100.00 or upwards is a felony for which at Common Law one can only be prosecuted by indictment in the absence of an affirmative waiver of his right to be indicted by the grand jury."

---

**3.** It appears that a stet was entered as to other charges pending. The record before us does not reflect the nature of these charges.

Moaney's argument goes thus. Grand larceny is a felony. At the common law a felony could be tried only upon an indictment returned by a grand jury. He then turns to Code, art. 51, § 1, asserting that it is a clear declaration of the common law right to a grand jury upon accusation of an indictable offense. He recognizes that the common law right has been tempered by Maryland Rules 708, 709 and 710, but urges that, in the circumstances, these Rules do not permit him to be tried on a statement of charges. He concludes that, in Maryland, "any accused charged with a felony is entitled to grand jury indictment" unless affirmatively waived.

## THE LAW

In this jurisdiction, larceny is a crime under the common law, and when the value of the goods stolen is to the value of $100 or more, it is a felony, and, thus, an infamous crime. Code, art. 27, § 340; *Farlow v. State*, 9 Md. App. 515 (1970). See *Mackin v. United States*, 117 U. S. 348 (1886). And, in this jurisdiction, there is no specific constitutional right to indictment by a grand jury. As to the federal constitution, the clause of Amendment V to the Constitution of the United States which provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . ." does not apply to the states. *Fabian v. State*, 3 Md. App. 270, 283 (1968), citing *Heath v. State*, 198 Md. 455 (1951). As to the Maryland constitution, we said in *Fabian*, at 282-283: " '[T]here is no provision of the Maryland Constitution requiring an indictment in any case. Article 21 of the Declaration of Rights merely requires that an accused 'hath a right to be informed of the accusation against him; to have a copy of the Indictment, or Charge in due time (if required) to prepare for his defense.' *State, ex rel. Butler v. Warden*, 195 Md. 713, 714.' " In art. 5, however, of the Declaration of Rights of the Constitution of Maryland, the People declared "That the Inhabitants of Maryland are entitled to the Common Law of England. . . ." At the common law "whenever any 'felonious' offense is charged, the same requires that the accusation be warranted by the oath of

twelve men, before the party shall be put to answer it." 4 W. Blackstone, Commentaries *310. See C. Moylan, *The Historical Intertwining of Maryland's Burglary and Larceny Laws or the Singular Adventure of the Misunderstood Indictment Clerk,* 4 U. Balto. L. Rev. 28, 35 (1974). Thus, by the common law, it appears that a person accused of grand larceny is entitled to be tried upon an indictment returned by a grand jury. As we have indicated, Moaney asserts that this common law right is declared by statute to be the general policy of Maryland. His argument is clouded by his failure to keep abreast of statutory changes by way of repeal and amendment. He refers to Code, art. 51, § 1, as providing:

> "Whenever a person is accused of an indictable criminal offense under the laws of this State, he shall have the right to a grand jury selected at random from a fair cross section of the citizens of this State resident in the county in which the court convenes or in Baltimore City if the court convenes therein."

This may be reflective of the common law, but it was repealed by Acts 1973, 1st Sp. Sess., ch. 2, § 2, effective 1 January 1974. It reappears as Courts Art. § 8-102 (a), which was amended by Acts 1974, ch. 691, § 8, effective 1 July 1974, with significant change. It now reads:

> "When a litigant in a court of the State is entitled to trial by a petit jury and when a person accused of a criminal offense is presented to a grand jury, the jury shall be selected at random from a fair cross section of the citizens of the state who reside in the county where the court convenes."

Thus, the "Declaration of policy", as the section is subtitled, under Title 8, "Juries", is no longer expressed in terms of "having the *right* to a grand jury" upon accusation of "an *indictable* criminal offense." (emphasis added) Rather, now, it is when "a person accused of a *criminal offense* is *presented* to a grand jury" that he is entitled to a jury selected at random. (emphasis added) Whatever the intent

and effect of art. 51, § 1 may have been, it is clear that as reworded for clarification in Courts Art. § 8-102 (a), see Revisor's note, the declaration no longer applies to all "indictable" offenses, but applies only *when* a person is "presented" to a grand jury. There is no obligation imposed to so present and no "right" to a grand jury contemplated. Whatever may have been the effect of the statute before, we believe that as amended, considered in the frame of reference of the Title, "Juries", under which it appears, that it cannot now be construed, as Moaney would like, to declare that whenever a person is accused of an indictable criminal offense under the laws of this State, he shall have the right to a grand jury. All it says is that it is the policy of this State that the grand jury shall be selected at random from a fair cross section of the citizens of this State who reside in the county where the court convenes, *when* a person accused of a criminal offense is presented to it.

Common law rights may be changed by legislative enactment, judicial opinion, and rules of court.[4] *Lutz v. State*, 167 Md. 12 (1934); *Basta v. State*, 133 Md. 568 (1919); *Dill v. State*, 24 Md. App. 695 (1975). We look to see if there has been change in this jurisdiction with respect to the common law right to indictment. That there has been change is manifest. Acts 1973, ch. 840, added § 592 to art. 27, effective 1 July 1973,[5] and Acts 1973, 1st Sp. Sess., ch. 2, § 7A, effective 1 January 1974 amended it. As enacted and amended it authorizes the State's Attorney, "[i]n all cases involving a felony, other than a felony within the jurisdiction of the District Court," under certain conditions involving a preliminary hearing, to charge by information. Clearly such right to charge by indictment as existed at the common law was abrogated. Whether to seek indictment or to charge by information is now at the election of the State's Attorney with the conditions specified. The common law

---

**4.** The Maryland Rules and Maryland District Rules have the force of law. Hauver v. Dorsey, 228 Md. 499 (1962); Sweeney v. State, 6 Md. App. 431, 437, n. 5 (1969).

**5.** The former § 592 of art. 27, was repealed by Acts 1963, ch. 558, § 1, upon the adoption of Rules 707, 709, 710 and 714, which contained similar provisions.

right has also been changed by amendment to the Maryland Rules. Formerly, Rule 708 provided that a person charged with the commission of a felony may not be prosecuted upon an information except pursuant to Rule 709 (Immediate Trial). It was amended 1 October 1973 to conform with art. 27, § 592:

> "A person charged with the commission of a felony may be prosecuted upon an information filed by the State's Attorney after a preliminary hearing has been held and probable cause to hold the accused has been found or after such preliminary hearing has been waived."

The abrogation of the common law right to indictment is clearly shown by the amendments to Rule 709. Section a of that Rule formerly read:

> "An accused, including an accused who has prayed a jury trial before a trial magistrate, or who has appealed from a conviction before a trial magistrate, may file with the clerk a petition signed by the accused setting forth that there is a criminal charge pending against him, that he desires to waive his right to action by the grand jury, or that a jury trial was prayed before the trial magistrate, or that the hearing before the magistrate resulted in conviction and appeal, as the case may be, and that he seeks an immediate trial."

As amended, effective 1 June 1972 and 1 October 1973, to reflect the creation of the District Court and the provisions of art. 27, § 592, it states:

> "An accused may file with the clerk a petition signed by him setting forth that there is a criminal charge pending against him, that he desires to waive any right he may have to action by the grand jury, or that a jury trial was prayed in the District Court, or that the trial in the District Court resulted in conviction and appeal, as the case may be, and that he seeks an immediate trial."

We note that "he desires to waive *his right to action* by the grand jury" is replaced by "he desires to waive *any right he may have to action* by the grand jury." (emphasis added).

Former § b of Rule 709 provided:

"Upon the filing of a petition pursuant to this Rule, the State's Attorney shall immediately file an information against the accused except when an accused has prayed a jury trial in the District Court or has appealed from a judgment of the District Court, in either of which event the accused shall be tried upon the charging document."

Both former § b and present § b of Rule 709 enable trial in a circuit court without indictment by providing for the filing of an information.

What we have discussed thus far indicates that a felony may be prosecuted in certain circumstances on an information rather than an indictment. But may it be prosecuted on some charging document other than an information or indictment? Rule 709 shows that it may. Section a permits an accused to seek an immediate trial not only upon waiver of any right to action by the grand jury, but also when a jury trial was prayed in the District Court or when trial in the District Court resulted in conviction and appeal. Section b expressly provides that neither indictment nor information are required when an accused has (1) prayed a jury trial in the District Court, or (2) appealed from a judgment in the District Court. In either of those events, "the accused shall be tried upon the charging document." This leads our inquiry to the District Court.

We first observe that the provision of art. 27, § 340, referred to by Moaney in the question he presents on appeal, which, in his words, "undertakes to confer jurisdiction of larcenies under $500 in the District Courts of Baltimore City", is not now existent. Section 340, as formerly in effect, after making the common law offense of larceny a felony when the value of the goods stolen was $100 or upwards, and after fixing the penalty upon conviction, provided:

"In Baltimore City and Anne Arundel County

where the amount of money or the value of the thing taken does not exceed five hundred dollars ($500.00) the Municipal Court of Baltimore City and People's Court of Anne Arundel County shall have jurisdiction to try persons charged with violating this section, provided that persons so convicted in the Municipal Court or People's Court of Anne Arundel County shall not be sentenced to the penitentiary by those courts."

That provision, however, was eliminated when the section was amended by Acts 1974, ch. 553, effective 1 July 1974. The section, in its entirety, now reads:

"Every person convicted of the crime of larceny to the value of one hundred dollars or upwards, or as accessory before the fact shall be deemed guilty of a felony, and shall restore the money, goods or things, taken to the owner, or shall pay him the full value thereof, and shall be fined not more than $1,000 or be imprisoned for not more than 15 years, or be both fined and imprisoned in the discretion of the court."

The jurisdiction of the District Court is elsewhere. It is spelled out in Title 4 of the Courts and Judicial Proceedings article. For the purpose of decision here, we are concerned only with those provisions relating to felonies. Generally, "the District Court does not have jurisdiction to try a criminal case charging the commission of a felony." Courts Art. § 4-302 (a). Exceptions, however, are set out in § 4-301.[6] Under subsection (2) of § 4-301, the District Court has exclusive original jurisdiction in a criminal case in which a person at least 18 years old is charged with crimes under certain specified sections of art. 27 of the Code, "whether a

---

**6.** Courts Art. § 4-301 designates the exclusive original criminal jurisdiction of the District Court. The Revisor's note states: "This section combines the basic jurisdictional provisions of Article 26, § 145 (b) (1) and (b) (2) (i), (ii), (iii), and (iv). As this section is new language derived from the aforesaid section, Article 26, § 145 (b) (1) and (b) (2) (i), (ii), (iii), and (iv) are proposed for repeal." Article 26 was repealed by Acts 1973, 1st Sp. Sess., ch. 2, § 2, effective 1 January 1974.

felony or misdemeanor, if the amount of money or the value of the thing taken, stolen, received, converted, or shoplifted does not exceed $500. . . ." One of the sections specified is "Section 340 (Larceny)."[7] As larceny, under § 340, to the value of $100 or upwards is a felony, that felony is within the exclusive original jurisdiction of the District Court where the value of the thing stolen does not exceed $500 and the accused is at least 18 years old. In such event, the felonious larceny is to be tried in the appropriate District Court, unless that court is deprived of jurisdiction. Procedure in the District Court is governed by the Maryland District Rules. "They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." M.D.R. 701.

Prosecution in the District Court is not by way of indictment. M.D.R. 725, § a, states: "Pleadings in a criminal proceeding shall be the charging document; the pleas of not guilty, not guilty by reason of insanity as provided by statute, guilty, or *nolo contendere*; the motion to dismiss, and the motion to grant appropriate relief." No distinction is made between felonies and misdemeanors. " 'Charging document' means arrest warrant, summons to a defendant, statement of charges, citation, or criminal information." M.D.R. 702, § a. Indictment is not included. We find it clear that with respect to a felony within the exclusive original jurisdiction of the District Court, the common law right to be tried under indictment has been abrogated by the adoption of the Maryland District Rules by the Court of Appeals. We also find it clear that a person accused of the commission of a.felony which is within the exclusive original jurisdiction of the District Court may be tried therein on an information or a warrant or a summons or a statement of charges, duly issued. See M.D.R. 706; *Wilson v. State*, 21 Md. App. 557, 568 (1974). There is no constitutional or statutory or common law right to be tried on an information, or any

---

7. Another is "Section 551A (Shoplifting)." Subsection (1) bestowed jurisdiction over the commission of a common-law or statutory misdemeanor, and subsections (3), (4) and (5) over certain violations, "if the violation is not a felony." See Acts 1975, ch. 307, enacting amendments not here material.

other "charging document" as defined, and an accused has no right *per se* to be tried on a particular charging document. *Greathouse v. State*, 5 Md. App. 675, 685 (1969). We note that M.D.R. 706, § c 5, dealing with the issuance of a criminal information, does not require that an information be filed. It merely provides for the issuance of a warrant or summons *when* a criminal information has been filed by the State's Attorney. We also note that upon a preliminary hearing, "If the court finds that there is probable cause to believe that the defendant has committed an offense or offenses permitting trial in the District Court, it may proceed with or schedule for trial all pending charges for such offenses, but it may grant the State's Attorney, upon his request, leave to file an appropriate charging document in the District Court. . . ." M.D.R. 741, § d.[8]

Our determination that a person accused of the commission of a felony within the exclusive original jurisdiction of the District Court may be tried therein on a criminal information, warrant, summons, or statement of charges is not dispositive of this appeal. The further question is whether he may be tried under such a charging document in the circuit court [9] to which the case is transferred when the District Court is divested of jurisdiction by demand for a jury trial, Courts Art. § 4-302 (d) or on appeal from a judgment of the District Court, Courts Art. § 12-401 and 12-403.

As we have indicated, when a person has a criminal charge pending against him he may seek an immediate trial when he waives any right to grand jury action or when he has prayed a jury trial in the District Court or when he appeals a judgment entered in that court. Rule 709 a. When he petitions for an immediate trial in the circuit court after

---

**8.** The dictate of art. 21, Declaration of Rights, Constitution of Maryland, "That in all criminal prosecutions every man hath a right to be informed of the accusation against him; to have a copy of the Indictment or charge in due time (if required) to prepare for his defence; . . ." is completely fulfilled by the Maryland District Rules. See M.D.R. 706, 709, 726, and 741.

**9.** " 'Circuit court' means the court of general jurisdiction to which an action originating in the District Court may be transmitted for jury trial or appealed and includes the Criminal Court of Baltimore." M.D.R. 702, § b.

a demand for a jury trial in the District Court or on appeal from the District Court, he shall be tried in the circuit court "upon the charging document." Rule 709 b. The intent is explicit when the accused seeks an immediate trial. We believe the same intent to be implicit on trial in the circuit court upon demand for a jury trial in the District Court or upon appeal therefrom. We find it clear that the legislative scheme in the creation of the District Court, as implemented by the Maryland Rules and the Maryland District Rules, was that a felony within the exclusive original jurisdiction of the District Court may be prosecuted in the District Court, and in a circuit court when it obtains jurisdiction, upon the document charging the offense filed in the District Court. This may be done without need for the State to seek action by the grand jury or to file a criminal information, and without the necessity of an affirmative waiver by the accused. Such procedure is not constitutionally proscribed, and is, as we think manifest, contemplated by statute and rule. In construing a statutory scheme, the object is to give effect to the intention of the legislature as expressed by the act as a whole and to harmonize all parts of the statute to make them consistent, to the extent possible, with the general scope and purposes of the legislation. *Coerper v. Comptroller*, 265 Md. 3 (1972). We have so construed the statutory scheme here, and think that the conclusion we have reached secures simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.

We find that Moaney was properly tried in the Criminal Court of Baltimore on the statement of charges charging the crime of grand larceny of goods not exceeding the value of $500. We hold that the trial court did not err in overruling the objection of Moaney to being so tried.

> *Judgments affirmed; case remanded for correction of docket entry of 18 March 1975, warrant docket, 1975, January Term, No. 47500673, to show correct sentence imposed.*