## MELEGANICH *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 1, September Term, 1957 (Adv.).]

*Decided May 29, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal by Charles Meleganich from the denial of a writ of *habeas corpus*.

Petitioner was brought before the trial judge in the Criminal Court of Baltimore as a second offender for violation of the narcotic laws on March 18, 1953, and sentenced to a term of eight years in the Maryland Penitentiary.

He contends that the officers entered his room, found a quantity of marijuana and that this search was made with-

out a search warrant. Under Code, 1951, Article 27, Section 368, in prosecutions relating to narcotic drugs, it is specifically provided that the Bouse Act, Code, 1951, Article 35, Section 5, as to illegal searches and seizures, shall not apply. *Shivers v. Warden,* 211 Md. 612, 125 A. 2d 671. Furthermore, this Court on numerous occasions has held that the legality of a search and seizure may not be raised on *habeas corpus. Shivers v. Warden, supra,* and cases there cited.

Petitioner further made the following complaints stated in this paragraph. During the first week of March, 1953, he was taken before the trial judge and asked for and received a postponement in order to obtain legal counsel. He then asked a friend, Mr. Silvio Perrela, to obtain a lawyer for him. This lawyer, so obtained, contacted him at the jail, reviewed his case and told him he had not been given a retainer fee by Mr. Perrela and that he could not handle the case without that fee, and that Mr. Perrela had notified him by telephone that he would arrive from New York with the money in the near future. He was instructed by that attorney that if he should be brought before the court before the money arrived he should ask for another postponement. On March 18th he was again brought before the trial judge. He explained the situation to him and asked for another postponement. His lawyer was in court and corroborated his story, and stated that any day Mr. Silvio Perrela would arrive from New York with the retainer fee. The trial judge refused the postponement, stating that he would be tried then and there. He was then approached by the prosecuting attorney and advised that in view of the evidence it would be wise for him to plead guilty and receive a lesser sentence. The prosecuting attorney notified the judge that he was changing his plea to guilty but that he had no attorney. The trial judge replied that he did not need an attorney. He claims he was illegally refused a postponement in order to obtain an attorney. The transcript of arraignment shows the following:

"Q. What is your plea, guilty or not guilty?

"A. Well, I am guilty, but I would like to plead not guilty until I can get a lawyer.

"By the Court: Plea is not guilty. You can get a lawyer, can you?

"A. I don't know, sir. I will know next week.

"Q. How soon will you know?

"A. By next week, by Wednesday at least.

"Q. If you haven't, let us know, will you?

"A. Yes, sir.

"Q. You realize this is a second offender case?

"A. Yes, sir."

When he returned before the trial judge on March 18, 1953, the transcript of the trial shows the following:

"The Clerk: Charles Meleganich, on February 27th, you were arraigned before Judge Carter, charged in a narcotic indictment with being a second offender. At that time your plea was not guilty. What is your plea today, guilty or not guilty?

"Defendant: Guilty.

"The Clerk: Plea is guilty, indictment 118."

This complaint goes only to the regularity of the proceedings and cannot be raised on *habeas corpus*. Alleged irregularities in the conduct of a trial cannot be raised on *habeas corpus*. *Shaffer v. Warden,* 211 Md. 635, 126 A. 2d 573, and cases there cited. Petitioner did not ask for the appointment of counsel to represent him, nor does he allege any circumstances making the appointment of counsel necessary, or that any fundamental right was denied. *Zimmerman v. Warden,* 201 Md. 645, 92 A. 2d 450.

*Application denied, with costs.*