## AZULAY *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 17, September Term, 1957.]

618

*Decided October 28, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by John Azulay for leave to appeal from the denial of a writ of *habeas corpus*.

Petitioner was found guilty of receiving stolen goods in the Criminal Court of Baltimore and sentenced on November 29, 1956, to two years in the Maryland Penitentiary. He was represented by counsel employed by him.

Petitioner contends that he was illegally arrested and held without charges being placed against him. This cannot be reviewed on *habeas corpus*. He cannot escape punishment for that reason after he has been lawfully indicted, tried and convicted. *Haynie v. Warden,* 210 Md. 668, 124 A. 2d 285, and cases there cited; *Price v. Warden,* 212 Md. 661, 129 A. 2d 120.

Petitioner further claims that he was indicted for larceny and found guilty of receiving stolen goods. The record in this case shows that petitioner was indicted in two counts, in the first for larceny and in the second for receiving stolen goods. He was found not guilty on the first count and guilty on the second count. This contention therefore has no validity.

Petitioner further contends that, because he was indicted for both larceny and receiving stolen goods, he was subjected to double jeopardy. This does not constitute double jeopardy and, even if it did, it cannot be raised on *habeas corpus*. *Hicks v. Warden,* 213 Md. 625, 130 A. 2d 761, and cases there cited.

Petitioner claims unlawful search and seizure. The legality of search and seizure cannot be raised on *habeas corpus*. *Meleganich v. Warden,* 213 Md. 648, 132 A. 2d 130, and cases there cited.

Petitioner also contends that inadmissible evidence was admitted against him. This cannot be raised on *habeas corpus*. *Harley v. Warden,* 213 Md. 652, 132 A. 2d 129.

Petitioner also complains that he paid an attorney, recommended by the police department, $250.00 to represent him and he never heard from the attorney again and the money

620

was not returned. This is not a matter to be considered on *habeas corpus*. Furthermore, he says that he employed two other attorneys who represented him during the trial. He complains because they made no objection to his sentence. His attorneys might have thought it was not advisable to question the sentence. Furthermore, a mere allegation that an attorney is inept or incompetent is not sufficient on *habeas corpus*, where the petitioner had an opportunity to complain to the court about his attorney and did not do so. *Canter v. Warden*, 211 Md. 643, 127 A. 2d 139.

Petitioner further complains that false evidence was used against him and that the evidence presented was not sufficient to sustain his conviction. Of course, the sufficiency of the evidence can be reviewed only on direct appeal and not on *habeas corpus*. *Cunningham v. Warden*, 213 Md. 642, 131 A. 2d 394.

*Application denied, with costs.*