CULLEY *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[H. C. No. 18, September Term, 1958.]

640

*Decided October 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application by Samuel L. Culley for leave to appeal from the denial of a writ of *habeas corpus* by Rollins, J., of the Circuit Court for Cecil County. The applicant was previously denied leave to appeal from a denial of the writ (by Mason, J., of the Supreme Bench of Baltimore), on June 19, 1958. See *Culley v. Warden*, 217 Md. 660, 143 A. 2d 61 (1958).

The applicant pleaded guilty to a charge of manslaughter in the Circuit Court for Wicomico County (Taylor, J.), and was sentenced to a term of eight years in the House of Correction.

The applicant, who has filed more than twenty petitions for writs of *habeas corpus* and "mandamus," by his petition for the writ and his supplemental and amended petition for a rehearing, addressed to Judge Rollins, assigned several reasons why he should be granted the writ.

Judge Rollins in an opinion filed March 27, 1958, and a supplemental opinion filed April 9, 1958, properly ruled that after a conviction: (i) an illegal arrest and detention in jail without the placement of a charge was not reviewable on *habeas corpus* [*Azulay v. Warden,* 214 Md. 617, 135 A. 2d 453 (1957)]; (ii) the failure to grant the petitioner a preliminary hearing and bond are matters that could be raised on appeal but not by *habeas corpus* [*Tillery v. Warden,* 214 Md. 623, 135 A. 2d 451 (1957), and *Daisey v. Warden,* 203 Md. 653, 98 A. 2d 99 (1953)]; and (iii) an applicant may not be released on *habeas corpus* even though his trial might have been improperly delayed [*Dyer v. Warden,* 214 Md. 626, 135 A. 2d 452 (1957)]. Another question, pertaining to the authority to prosecute the applicant by criminal information in lieu of an indictment, was considered by this Court in *Culley v. Warden, supra.*

In his supplemental and amended petition to Judge Rollins the applicant also asserted two additional contentions: first, that the trial judge erred when he did not inquire of the applicant if there was any reason why sentence should not be passed; and secondly, that there was a conspiracy between the police, the prosecuting officer and the applicant's counsel to deprive him of his rights. With reference to the first additional contention we ruled in *Pride v. Warden,* 215 Md. 601, 137 A. 2d 175 (1957), that a complaint that the trial court did not ask petitioner if he had anything to say before sentence was without merit. It is not even an essential part of the sentencing procedure. See *Farrell v. State,* 213 Md. 348, 131 A. 2d 863 (1957). The second additional contention was ruled on by this Court in *Culley v. Warden, supra.*

*Application denied, with costs.*