*Damar Brown v. State of Maryland*, No. 74, September Term, 2016. Opinion by Getty, J.

**CRIMINAL PROCEDURE — PRELIMINARY EXAMINATION — RIGHT OF ACCUSED TO EXAMINATION**

Pursuant to § 4-102 of the Criminal Procedure Article, a defendant charged with misdemeanors by information, in circuit court, is not entitled to a preliminary hearing. The surrounding statutory framework and Maryland Rules indicate that the phrase "in any other case" within § 4-102(2) of the Criminal Procedure Article refers specifically to situations in which a defendant is charged with a felony within the jurisdiction of the district court.

Circuit Court for Baltimore City
Case No.: 615114006
Argued: March 7, 2017

IN THE COURT OF APPEALS
OF MARYLAND

No. 74

September Term, 2016

_____

DAMAR BROWN

v.

STATE OF MARYLAND

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Getty, J.

_____

Filed: July 28, 2017

In this case, we are asked to determine whether a defendant charged with misdemeanors by information, in circuit court, is entitled to a preliminary hearing pursuant to § 4-102 of the Criminal Procedure Article ("CP") of the Maryland Code. For the following reasons, we answer in the negative and hold that CP § 4-102 provides that in a circuit court proceeding a defendant is entitled to a preliminary hearing when charged by information with felonies, but not when the defendant is charged by information with misdemeanors.

**BACKGROUND**

On April 3, 2015, two police officers observed Damar Brown walking in a manner that led the police to believe that Mr. Brown was carrying a concealed weapon. The officers approached Mr. Brown and a scuffle ensued—an officer was struck in the face and the officers recovered a loaded .22 caliber revolver from the left front pocket of Mr. Brown's sweatpants. The officers also recovered a black ski mask from Mr. Brown's hooded sweatshirt pouch pocket. As a result, the officers arrested Mr. Brown.

On April 4, 2015, the State charged Mr. Brown by a statement of charges in the District Court of Maryland sitting in Baltimore City with wearing, carrying, or transporting a handgun, second-degree assault, and resisting or interfering with arrest, all of which constitute misdemeanor offenses.[1] On April 24, 2015, the State filed an information in the

---

[1] *See* Md. Code, Crim. Law § 4-203(c)(1) (wearing, carrying, or transporting a handgun constitutes a misdemeanor); Md. Code, Crim. Law § 3-203(b) (second degree assault constitutes a misdemeanor); Md. Code, Crim. Law § 9-408(c) (resisting or interfering with arrest constitutes a misdemeanor).

Circuit Court for Baltimore City charging Mr. Brown with the same offenses. Mr. Brown did not receive a preliminary hearing in district court prior to being charged in circuit court or thereafter.

In the circuit court, on May 20, 2015, Mr. Brown moved for dismissal of the charges, arguing that the case was improperly before the circuit court because Mr. Brown had been charged with misdemeanors by means of criminal information without a preliminary hearing resulting in a finding of probable cause. Mr. Brown contended that this procedure violated Maryland Code (2001, 2008 Repl. Vol.), CP § 4-102(2) and Maryland Rule 4-201(c)(2)(A). The State responded that Mr. Brown was not entitled to a preliminary hearing because he was only charged with misdemeanors. The circuit court granted Mr. Brown's motion and dismissed the case without prejudice.

The State appealed the circuit court's dismissal of charges. In the Court of Special Appeals, Mr. Brown again argued that the controlling statute entitled him to a preliminary hearing. In response, the State interpreted CP § 4-102(2) as entitling defendants to preliminary hearings if charged by information with a felony within the jurisdiction of the district court, but not when charged with misdemeanors. Therefore, the State argued that Mr. Brown was not entitled to a preliminary hearing and the circuit court improperly dismissed the charges against Mr. Brown.

In an unreported opinion filed on September 2, 2016, the Court of Special Appeals reversed the judgment of the circuit court, holding that the circuit court improperly construed CP § 4-102(2) to require preliminary hearings in cases involving misdemeanors charged by information in circuit court. *State v. Brown*, No. 1094, 2016 WL 4591529, at

2

*8–9 (Md. Ct. Spec. App. Sept. 2, 2016).[2]  Mr. Brown then petitioned this Court for a writ

of certiorari, which we granted on December 2, 2016.  *Brown v. State*, 450 Md. 660 (2016).

Mr. Brown presents one question for our review: "Did the Court of Special Appeals err in

concluding that when the State charges misdemeanors by criminal information in the

circuit court no preliminary hearing is required?"

## STANDARD OF REVIEW

The interpretation of a statute is a question of law that this Court reviews *de novo*.

*Bellard v. State*, 452 Md. 467, 480–81 (2017).  Furthermore,

> [t]his Court provides judicial deference to the policy decisions enacted into
> law by the General Assembly.  We assume that the legislature's intent is
> expressed in the statutory language and thus our statutory interpretation
> focuses primarily on the language of the statute to determine the purpose and
> intent of the General Assembly.
>
> We begin our analysis by first looking to the normal, plain meaning of the
> language of the statute, reading the statute as a whole to ensure that no word,
> clause, sentence or phrase is rendered surplusage, superfluous, meaningless
> or nugatory.  If the language of the statute is clear and unambiguous, we need
> not look beyond the statute's provisions and our analysis ends.  Occasionally
> we see fit to examine extrinsic sources of legislative intent merely as a check
> of our reading of a statute's plain language.  In such instances, we may find
> useful the context of a statute, the overall statutory scheme, and archival
> legislative history of relevant enactments.

*Phillips v. State*, 451 Md. 180, 196–97 (2017) (internal quotation marks omitted) (quoting

*Douglas v. State*, 423 Md. 156, 178 (2011)).

---

[2] On September 1, 2016, the Court of Special Appeals, in *State v. Samples*, 229 Md. App.
531 (2016), released a nearly identical but reported opinion addressing the same issue.  Ms.
Samples did not petition this Court for a writ of certiorari.

We view the plain language of a statute in the context of the statutory scheme to which it belongs, with a focus on ascertaining the intent or underlying policy of the General Assembly in the statute's enactment. *Mummert v. Alizadeh*, 435 Md. 207, 213 (2013).

> [T]he meaning of the plainest language is controlled by the context in which it appears. As this Court has stated, because it is part of the context, related statutes or a statutory scheme that fairly bears on the fundamental issue of legislative purpose or goal must also be considered. Thus, not only are we required to interpret the statute as a whole, but, if appropriate, in the context of the entire statutory scheme of which it is a part.

*Stickley v. State Farm Fire & Cas. Co.*, 431 Md. 347, 359 (2013) (quoting *Centre Ins. Co. v. J.T.W.*, 397 Md. 71, 81 (2007)). Therefore, we shall analyze the plain language of CP § 4-102 in the context of the statutory scheme to which it belongs, and determine in which cases defendants are entitled to preliminary hearings when charged by information in circuit court.

## DISCUSSION

Pursuant to Maryland Rule 4-201(a), an "offense shall be tried only on a charging document." A charging document is defined as "a written accusation alleging that a defendant has committed an offense. It includes a citation, an indictment, an information, and a statement of charges." Md. Rule 4-102(a). An information is defined as "a charging document filed in a court by a State's Attorney." Md. Rule 4-102(e).

CP § 4-102 establishes when the State may charge by information:

A State's Attorney may charge by information:

(1) in a case involving a felony that does not involve a felony within the jurisdiction of the District Court, if the defendant is entitled to a preliminary hearing but does not request a hearing within 10 days after a court or court

commissioner informs the defendant about the availability of a preliminary hearing; or

(2) in any other case, if a court in a preliminary hearing finds that there is probable cause to hold the defendant.

The issue in this case is whether the phrase "any other case" of CP § 4-102(2) includes cases involving misdemeanors brought in the circuit court, or whether that subsection of the statute is limited to cases where a defendant is charged by information with felonies within the jurisdiction of the district court. Mr. Brown argues that the phrase "any other case" subsumes instances where defendants are charged with misdemeanors by information in circuit court. Therefore, according to Mr. Brown, the circuit court correctly dismissed his charges, and the Court of Special Appeals erred in its reversal. Mr. Brown also contends that the Court of Special Appeals erred by performing statutory interpretation in a vacuum, ignoring relevant statutes and Maryland Rules in its construction of CP § 4-102. The State responds that the phrase "any other case" does not include misdemeanors and is limited to felonies within the jurisdiction of the district court. Therefore, the State contends that the circuit court improperly dismissed the charges against Mr. Brown because he was not entitled to a preliminary hearing and the Court of Special Appeals correctly reversed the dismissal.

The State has discretion to bring certain charges in district or circuit court, depending upon which crimes are charged.[3] Maryland Rule 4-201 governs the use of

---

[3] The district court has original jurisdiction in cases involving misdemeanors and certain felonies. Md. Code, Cts. & Jud. Proc. § 4-301(b). The circuit court has "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county . . . ."

5

charging documents, expressly stating in which instances an offense may be tried by charging document. The Rule indicates that, in district court, "an offense may be tried (1) on an information, (2) on a statement of charges filed pursuant to section (b) Rule 4-211, or (3) on a citation in the case of a petty offense or when authorized by statute." Md. Rule 4-201(b). Pursuant to this Rule, the State was authorized to initially charge Mr. Brown with misdemeanors in the district court by a statement of charges.

In contrast, in the circuit court,

an offense may be tried

(1) on an indictment, or

(2) on an information if the offense is (A) a misdemeanor, or (B) a felony within the jurisdiction of the District Court, or (C) any other felony and lesser included offense if the defendant requests or consents in writing to be charged by information, or if the defendant has been charged with the felony and a preliminary hearing pursuant to Rule 4-221 has resulted in a finding of probable cause, or if the defendant has been charged with the felony as to which a preliminary hearing has been waived, or

(3) on a charging document filed in the District Court for an offense within its jurisdiction if the defendant is entitled to and demands a jury trial or appeals from the judgment of the District Court.

Md. Rule 4-201(c). Therefore, the State was also authorized to charge Mr. Brown with misdemeanors in circuit court by means of criminal information.

This Rule indicates that the State may charge an accused by information with both felonies and misdemeanors in circuit court. Where an accused is charged by information in circuit court, the Rule makes clear that he or she is entitled to a preliminary hearing when

---

Md. Code, Cts. & Jud. Proc. § 1-501. Thus, the district and circuit courts have concurrent jurisdiction over a large number of offenses.

charged with felonies.  However, the Rule does not indicate that a defendant is entitled to a preliminary hearing when charged with a misdemeanor by information in circuit court.

Mr. Brown attempts to argue that Rule 4-201(c) is consistent with his interpretation of CP § 4-102, because the Rule and statute are intended for different purposes.  However, upon closer examination, this distinction quickly dissolves.  Mr. Brown points out that Rule 4-201(c) governs trial courts and indicates the types of charging documents on which a case "may be tried."  Whereas, CP § 4-102 concerns when "[a] State's Attorney may charge by information."  However, the interaction of the statute and the Rule acts as two sides of the same coin.  Rule 4-201(c), among other things, indicates in which situations a defendant may be tried when charged by information.  Because, pursuant to Rule 4-102(e), an information is "a charging document filed in a court by a State's Attorney," it is implicit that any defendant tried for an offense that was charged by information was necessarily charged by a State's Attorney.  Therefore, Rule 4-201(c) does not support the interpretation that CP § 4-102 requires preliminary hearings in cases where a defendant is charged with misdemeanors by information in circuit court.

A review of the historical purpose of preliminary hearings further supports our conclusion that a defendant is not entitled to a preliminary hearing when charged with misdemeanors by information in circuit court.  This Court has held that, absent a constitutional or statutory mandate requiring that a defendant receive a preliminary hearing, a preliminary hearing is not necessary.  *Kardy v. Shook*, 237 Md. 524, 543 (1965).  There is no specific constitutional provision in the federal or Maryland constitutions that affords defendants a right to a preliminary hearing.  *Id.* at 543; *see also Crawford v. State*,

7

282 Md. 210, 220–21 (1978) ("While there is no constitutional right to a preliminary hearing, the accused is entitled to such a hearing by statute if, as here, he makes a timely request for it.").

This Court has previously framed the purpose of preliminary hearings in several ways. *Crawford*, 282 Md. at 220–21. First, we have indicated that the purpose of preliminary hearings is to determine "whether the accused should be held for action of the Grand Jury or charged by the State's Attorney on information." *Id.* at 220 (citing *Arrington v. Warden*, 232 Md. 672 (1963); *Kochel v. State*, 10 Md. App. 11 (1970)). In addition, we have noted that preliminary hearings are "primarily for the benefit of the accused, insuring him against being committed to jail or being required to furnish bail pending grand jury action, unless the State establishes that there is probable cause for maintaining [] criminal proceedings against him." *Kardy*, 237 Md. at 543 (citing Lester B. Orfield, *Criminal Procedure from Arrest to Appeal* 49, *et seq* (1947)). The Court of Special Appeals has echoed this sentiment, stating, "Prior to the expansion of the State's information authority, the primary purpose of the preliminary hearing was to protect the accused from a unilateral decision to arrest with the accompanying likelihood of incarceration while awaiting grand jury action." *Perkins v. State*, 26 Md. App. 526, 530–31 (1975). In short, the requirement of a preliminary hearing is aimed at preventing defendants from being incarcerated without a determination of probable cause while grand jury action is pending.

The Court of Special Appeals has also previously considered a defendant's right to a preliminary hearing when charged by information and held that, "[w]hen charging a prospective defendant with a felony, other than a felony within the jurisdiction of the

8

District Court, the State may proceed by way of criminal information, subject to the defendant's right to a preliminary hearing." *Id.* at 530. Thus, the intermediate appellate court indicated that a defendant has an absolute right to preliminary hearing only when charged with a felony outside of the jurisdiction of the district court. *Id.*; *accord* CP § 4-103(c). As we will discuss in more detail below, this proposition stands in accordance with the statutes and Rules controlling the use of criminal information as a charging document and the right to a preliminary hearing. Therefore, as the Court of Special Appeals correctly concluded with regard to the circuit court's dismissal of Mr. Brown's charges, "the language requiring a preliminary hearing was aimed at felonies for which a grand jury indictment otherwise would be required." *Brown*, No. 1094, 2016 WL 4591529, at *4. Here, Mr. Brown was charged with misdemeanors and was never incarcerated awaiting grand jury indictment, for which a preliminary hearing establishing probable cause would have been necessary. Thus, Mr. Brown's case falls outside the judicially announced purpose of preliminary hearings.

The legislative history of CP § 4-102 and CP § 4-103 also supports our conclusion that a defendant is not entitled to a preliminary hearing when charged with misdemeanors by information in circuit court. In 2001, the General Assembly enacted CP § 4-102, which recodified the former Art. 27 § 592. Originally enacted in 1933, § 592 abrogated a defendant's common law right to indictment. 1933 Md. Laws, ch. 562; *see also Moaney v. State*, 28 Md. App. 408, 415 (1975). The statute allowed a State's Attorney to charge a felony by information under specified conditions rather than by indictment, which the common law right required. *Moaney*, 28 Md. App. at 415–16. Subsequently, § 592 was

9

repealed by 1963 Md. Laws, ch. 558 § 1.  The statute was readopted in 1973 in a revised format.  1973 Md. Laws, 1st Spec. Sess., ch. 2 § 7A.  In this iteration, the statute stated that an accused may be charged by information

> (a) In all cases involving a felony, other than a felony within the jurisdiction of the District Court, in which the accused has not requested a preliminary hearing within ten days after being informed by the court or court commissioner of the availability of such a hearing, or in all cases in which a preliminary hearing has been held and probable cause to hold the accused has been found the state's attorney may charge by information.

> (b)      (1) In any case where the defendant has been charged with a felony, other than a felony within the jurisdiction of the District Court, the defendant shall be advised by the court or court commissioner, at the time of the initial appearance required by the Maryland District Rules, of his right to request a preliminary hearing.  The defendant may make that request at the time of the initial appearance or at any time within ten days thereafter.  If the defendant fails to request a preliminary hearing within the ten-day period, it is waived.

>> (2) If the state's attorney elects to charge the accused by criminal information, the right of the defendant to the preliminary hearing is absolute, if he has requested such a hearing as set out above.

>> (3) If the state's attorney elects to charge the accused by grand jury indictment, the preliminary hearing is not a matter of right to the defendant but may be afforded in the court's discretion. A preliminary hearing is not a matter of right in any other case, but may be afforded in any case in the court's discretion, upon motion of the state's attorney or the defendant.

Md. Code (1957, 1971 Repl. Vol., 1974 Supp.), Art. 27 § 592.

The General Assembly enacted the current version of the statute, CP § 4-102, in 2001 when it adopted the Criminal Procedure Article of the Maryland Code during Code Revision.  The revisor's note for CP § 4-102 indicates that the statute is derived from Art. 27 § 592(a) without substantive change, while the revisor's note for CP § 4-103 indicates that it is derived from Art. 27 § 592(b), also without substantive change.  Further, the

10

revisor's note to CP § 4-102 indicates that, "[i]n item (2) of this section, the former phrase 'other than a felony' is deleted as implicit in the phrase a 'felony within the jurisdiction of the District Court.'"[4]

Subsection (a) of the prior version of the statute makes clear that a defendant is only entitled to a preliminary hearing in cases involving felonies, whether or not they fall outside the jurisdiction of the district court. The format of this version of the statute indicates that the entirety of subsection (a) refers only to situations involving felonies. There is an implication regarding the latter part of subsection (a), which is present day CP § 4-102(2), because the first part of the subsection (a), present day CP § 4-102(1), is specifically concerned with felonies outside the jurisdiction of the district court. The implication is that the two parts of the statute are intended to apply exclusively to felonies. Put simply, CP § 4-102(1) is intended to encompass situations where a defendant is charged with felonies outside the jurisdiction of the district court; whereas, CP § 4-102(2) controls in situations in which a defendant is charged with felonies within the jurisdiction of the district court. The phrase "in all cases" in Art. 27 § 592(a) referred specifically to felonies that are within the jurisdiction of the district court. This language is equivalent to the

---

[4] Oddly, there are two different versions of the revisor's note to CP § 4-102. The quoted language in the opinion refers to the revisor's note that appears in Senate Bill 1, 2001 Leg., 415th Sess. (Md. 2001), which enacted CP § 4-102. The same language appears in the Annotated Code of Maryland published by West. *See* Md. Code Ann., CP § 4-102 (West 2001). However, in the Annotated Code of Maryland published by LexisNexis, the revisor's note to CP § 4-102 is slightly different: "In item (2) of this section, the former phrase 'other than a felony' is deleted as implicit in the reference to 'any other case' within the District Court." Md. Code Ann., CP § 4-102 (LexisNexis 2001). The reason for the discrepancy is unknown to this Court.

11

phrase "in any other case" of CP § 4-102(2). Both phrases are specifically limited to situations that do not fall under CP § 4-102(1)—situations where a defendant is charged with a felony within the jurisdiction of the district court.

The surrounding statutory framework and corresponding Maryland Rules further support this interpretation of CP § 4-102. To determine the meaning of a statutory phrase, we must view the statute's plain language within the context of the related and surrounding statutes. *See Mummert*, 435 Md. at 213. To further clarify the phrase "any other case" of CP § 4-102(2), we look to the statutes and Rules concerning a defendant's right to a preliminary hearing.

CP § 4-103, entitled "Preliminary hearing," provides as follows:

(a) *Defendant to be advised of right.* – If a defendant is charged with a felony other than a felony within the jurisdiction of the District Court, at the time of the defendant's initial appearance, as required by Maryland Rule 4-213, a court or court commissioner shall advise the defendant of the defendant's right to request a preliminary hearing.

(b) *Time for waiver requests.* – (1) If a defendant is charged with a felony other than a felony within the jurisdiction of the District Court, the defendant may request a preliminary hearing at the defendant's initial appearance or at any time within 10 days after the initial appearance.

(2) If the defendant does not request a preliminary hearing within 10 days after the initial appearance, the right to a preliminary hearing is waived.

(c) *When the right is absolute.* – (1) If a defendant is charged with a felony other than a felony within the jurisdiction of the District Court, the right of a defendant to a preliminary hearing is absolute if:

(i) the defendant is charged by criminal information; and

(ii) the defendant requests a preliminary hearing in accordance with subsection (b) of this section.

12

(2) If the defendant is charged by grand jury indictment, the right of a defendant to a preliminary hearing is not absolute but the court may allow the defendant to have a preliminary hearing.

**(3) In any other case, the right of a defendant to a preliminary hearing is not absolute, but on motion of the State's Attorney or the defendant, and subject to the Maryland Rules, the court may allow the defendant to have a preliminary hearing.**

(Emphasis added.) In short, CP § 4-103(c) affords a defendant an absolute right to a preliminary hearing if he or she is charged by information with a felony outside the jurisdiction of the district court. "In any other case," a trial judge has the discretion to grant a defendant a preliminary hearing on motion by either party. Moreover, there is no indication from this statute that an individual charged with misdemeanors by information in circuit court is entitled to a preliminary hearing. The statute makes clear that a preliminary hearing is required only when a defendant is charged with a felony outside the jurisdiction of the district court.

Mr. Brown argues that CP § 4-103 is consistent with his interpretation of CP § 4-102(2). He argues that the only reason the State would move for a preliminary hearing pursuant to CP § 4-103(c)(3) is to satisfy the preliminary hearing requirement of CP § 4-102(2). In other words, he argues that CP § 4-103(c)(3) provides an avenue through which the State may obtain a preliminary hearing in order to satisfy the requirement of CP § 4-102(2). We disagree. The interaction between the two statutes does not imply that CP § 4-102(2) involves cases in which a defendant is charged with misdemeanors by information in circuit court. Instead, CP § 4-103(c)(3) simply allows the State to obtain a preliminary

13

hearing in situations where a defendant is charged with a felony within the jurisdiction of the district court.

Other relevant Rules governing preliminary hearings indicate only that a defendant may request a preliminary hearing in situations where he or she is charged with a felony outside the jurisdiction of the district court. *See* Md. Rule 4-221(a) ("A defendant charged with a felony that is not within the jurisdiction of the District Court may request a preliminary hearing at or within ten days after an initial appearance pursuant to Rule 4-213(a)."). Similarly, a defendant must be advised of his or her right to a preliminary hearing when he or she is "charged with a felony that is not within the jurisdiction of the District Court and has not been indicted . . . ." Md. Rule 4-213(a)(4). Furthermore, Maryland Rule 4-102(c)(2) indicates that an accused is entitled to a preliminary hearing when charged with a felony, but does not mention a preliminary hearing when an accused is charged with a misdemeanor by information in circuit court. Thus, the Maryland Rules concerning a defendant's right to or waiver of a preliminary hearing indicate that a defendant has a right to a preliminary hearing, in circuit court, when he or she is charged with felonies. Moreover, there is no indication from these Rules that a defendant charged with misdemeanors by information in circuit court has a right to a preliminary hearing.

Finally, Mr. Brown makes the additional argument that the Court of Special Appeals' decision in this case stands in opposition to public policy, because it may subject indigent defendants to increased periods of incarceration. Mr. Brown argues that, in the district court, defendants usually have a trial date set within 60 days. Whereas, in circuit court, "the date for trial . . . shall be set within 30 days after the earlier of the appearance

14

of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4-213, and shall be not later than 180 days after the earlier of those events." Md. Rule 4-271(a)(1). Furthermore, Mr. Brown alleges that the State often first charges defendants with misdemeanor firearms offenses in the district court by a statement of charges, then refiles the same charges in circuit court by criminal information. As a result, Mr. Brown argues that the State intentionally adheres to this procedure to subject defendants who are unable to post bail to increased periods of incarceration.

This argument is unpersuasive for several reasons. First, Mr. Brown's argument implies that he was unable to post bail and therefore subjected to an increased period of incarceration while awaiting trial on his misdemeanor charges in circuit court. However, at the time the State filed charges against Mr. Brown in circuit court, he was being held on a violation of probation for a 2008 shoplifting case in Anne Arundel County, in which bail was not permitted. Therefore, Mr. Brown was ineligible for bail at the time of his arraignment hearing in the Circuit Court for Baltimore City on May 20, 2015.

In addition, this Court recently adopted changes to the Maryland Rules concerning bail procedure, some of which serve to alleviate the concerns raised by Mr. Brown. The new Rules were adopted on February 16, 2017, and became effective on July 1, 2017. *See* Md. Rule 4-216; Md. Rule 4-216.1. The revised version of Rule 4-216.1 indicates that the revisions are intended

> to promote the release of defendants on their own recognizance or, when necessary, unsecured bond. Additional conditions should be imposed on release only if the need to ensure appearance at court proceedings, to protect the community, victims, witnesses, or any other person and to maintain the integrity of the judicial process is demonstrated by the circumstances of the

15

individual case.  Preference should be given to additional conditions without financial terms.

Thus, the new Rules are aimed at addressing Mr. Brown's concerns of indigent defendants being subjected to increased periods of pretrial incarceration by encouraging the release of defendants on their own recognizance in appropriate circumstances.  Moreover, we conclude that these concerns are insufficient to refute the interpretation of CP § 4-102(2) that we have discerned from the legislative history, surrounding statutory framework, and related Maryland Rules governing preliminary hearings.

## CONCLUSION

The plain meaning of the phrase "any other case" in CP § 4-102(2) does not include cases where a defendant is charged by information with misdemeanors in circuit court.  The legislative history of CP § 4-102, along with other relevant statutes and Maryland Rules controlling the use of information and preliminary hearings, make clear that this phrase refers to cases in which a defendant is charged with a felony within the jurisdiction of the district court, and that a defendant is entitled to a preliminary hearing in those cases.  Here, because Mr. Brown was charged by information with misdemeanors in circuit court, he was not entitled to a preliminary hearing.  Accordingly, we affirm the judgment of the Court of Special Appeals, which correctly reversed the circuit court's dismissal of Mr. Brown's charges.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

16